Heintze *v.* Bentley.

*Jaycox* v. *Caldwell, 51 N. Y. 395; Savage* v. *O'Neill, 44 N. Y. 298; 2 Story's Eq. Jur.* § *1373.*

*Messrs. Collins & Corbin,* for respondents.

At common law, it was the rule that if a married woman authorized money settled to her separate use paid to her husband, or permitted him to receive her income, she could never recall it. *Caton* v. *Rideout, 1 Macn. & G. 601; Darnaby* v. *Darnaby, 14 Bush 345.*

Although the married women acts have introduced a new element into this class of cases, still the fact of the close relationship has always been reckoned of importance in determining whether the payment of money between husband and wife is to be regarded as a loan or a gift. *Steadman* v. *Wilbur, 7 R. I. 486; Paulk* v. *Cooke, 39 Conn. 571; Edelen* v. *Edelen, 11 Md. 420; Kuhn* v. *Stansfeld, 28 Md. 210; Humes* v. *Scruggs, 4 Otto 92; Annin* v. *Annin, 9 C. E. Gr. 189; Besson* v. *Eveland, 11 C. E. Gr. 471; Clarke* v. *Rosencranz, 4 Stew. Eq. 665.*

FERDINAND HEINTZE et al., appellants,

*v.*

RANSOM BENTLEY, respondent.

1. If a mortgage, given to secure a debt actually due, be drawn for a larger sum, with intent, on the part of both mortgagor and mortgagee, to delay, hinder or defraud the creditors of the mortgagor thereby, it will be adjudged void at the instance of those creditors, and will not be allowed to stand against them, even as security for the real debt.

2. A mortgage, drawn for $7,000, was accepted by the mortgagee as security for a real debt of $1,300, without any purpose on his part to delay, hinder or

Heintze v. Bentley.

defraud the creditors of the mortgagor. Afterwards the mortgaged premises were sold by the sheriff under an execution upon a judgment prior to the mortgage, and parties holding judgments subsequent to the mortgage refrained from bidding at the sale, under the belief that the mortgage debt was $7,000, and so would absorb all the surplus proceeds of a fair price, and the mortgagee became the purchaser. It also appeared that if these parties had known the truth, they would have bid such a price as would have realized something on their judgments.—*Held*, that at their instance the sale must be set aside, even though the mortgagee had, in the meantime, conveyed the premises to the wife of the mortgagor, receiving her bond and mortgage for the purchase-money.

3. If a first mortgagee have knowledge of the existence of a second encumbrance on the estate, he will not be entitled to priority for subsequent advances, provided it was optional with him whether to make such advances or not.

4. In the absence of any agreement to the contrary, a tenant for years makes repairs at his own expense.

On appeal from a decree of the chancellor, whose opinion is reported in *Bentley* v. *Heintze, 6 Stew. Eq. 405*.

*Mr. E. D. Deacon*, for appellant Heintze.

I. No fraud is established by the proofs.

II. Heintze acquired the legal title to the premises by lawful purchase, with his own money, at a fair sale, to which he was not a party, and at which he was an indifferent bidder—the act of purchase not being consequential to, or superinduced by, any fraud or act tainted by fraud. The vendor had a right to sell, and was guilty of no fraud in selling; the buyer a right to purchase, and purchased with his own money. From this purchase Mrs. Wanner takes title, and Heintze, upon his own warranty deed, secures his own $4,000 mortgage. *Halsted* v. *Davison, 2 Stock. 294; Van Keuren* v. *McLaughlin, 4 C. E. Gr. 187; Kline* v. *McGuckin, 9 C. E. Gr. 411; Ward* v. *Cooke, 2 C. E. Gr. 93, and cases cited.*

*Messrs. Collins & Corbin*, for Hannah Wanner.

I. Hirsch and Childs were *bona fide* judgment creditors; and

a purchaser under execution on their judgment, whether with or without notice of frauds by Wanner, obtains the same title that Hirsch and Childs would have obtained if they had bought.

II. There was no fraud in the sale.

III. Heintze knew of no fraudulent design in making the mortgage for $7,000. *Spindler* v. *Atkinson, 3 Md. 409; Gilbert* v. *Carter, 10 Ind. 16.*

IV. There was no fraud on the part of Heintze.

V. Hannah Wanner was a purchaser for value without notice of fraud.

VI. Complainant and Cushing have no claim for relief, because of their negligence.

*Mr. Charles H. Hartshorne,* for respondent.

I. The $7,000 mortgage, dated August 18th, 1876, was made to hinder creditors, and Heintze connived at the fraud.

The circumstances are proof of fraud sufficient to nullify the mortgage. *Bump on Fraud. Con. (2d ed.) 33; Butts* v. *Peacock, 23 Wis. 359.*

That a false and exaggerated statement of the consideration *prima facie* shows fraud. *Thompson* v. *Drake, 3 B. Mon. 565; Marriott* v. *Givens, 8 Ala. 694; Bump on Fraud. Con. 42; Randall* v. *Vroom, 3 Stew. Eq. 353.*

II. Heintze purchased at the sheriff's sale in pursuance of a secret agreement between Heintze and Wanner for the purpose of securing the property to Wanner, and protecting it from his creditors.

III. The purchase by Heintze being made by arrangement with Wanner, for the latter's benefit, and to hinder creditors, it is, under the statute of frauds, void, and no title passed at law. *Dobson* v. *Irwin, 1 Dev. & Bat. 569; Morris* v. *Allan, 10 Ired. 203; Abney* v. *Kingsland, 10 Ala. 355; Stoval* v. *The Farmers Bank, 8 Sm. & Marsh. 305; Ewing* v. *Gray, 12 Ind. 64; Crary* v. *Sprague, 12 Wend. 41; Bump on Fraud. Con. 255, 258.*

Heintze v. Bentley.

IV. The $7,000 mortgage and the sheriff's sale to Heintze having been fraudulent in fact as against creditors, the court will not permit either to stand for any part of their consideration. All Heintze's claims growing out of them must be postponed to the judgments. *Demarest* v. *Terhune, 3 C. E. Gr. 539; Holland* v. *Cruft, 20 Pick. 321; Williamson* v. *Goodwin, 9 Gratt. 503; R. R. Co.* v. *Soutter, 13 Wall. 517; Sands* v. *Codwise, 4 Johns. 536.*

The same principle is recognized in the cases of *Miller* v. *Sauerbier, 3 Stew. Eq. 71; Schmidt* v. *Opie, 6 Id. 138; Smith* v. *Vreeland, 1 C. E. Gr. 198.* See, also, *Neligh* v. *Michenor, 3 Stock. 539.*

The opinion of the court was delivered by

Dixon, J.

The bill is filed to set aside a mortgage for $7,000 given by John J. Wanner and wife to Ferdinand Heintze, dated August 18th, 1876, and recorded August 21st, 1876, and also a conveyance of the mortgaged premises made by the sheriff of Hudson county to Heintze on January 18th, 1877, under an execution issued July 8th, 1876, on a judgment of the supreme court against Wanner at the suit of Hirsche et al. The complainant is a judgment creditor of Wanner, and obtained a lien upon the premises, by levy, September 14th, 1876. Nicholas B. Cushing, a defendant, is another judgment creditor, whose levy was made September 12th, 1876.

The complainant claims that the mortgage and conveyance were contrived by Wanner and Heintze for the purpose of defrauding Wanner's creditors.

The evidence shows that at the time the mortgage was given, Wanner owed Heintze only about $1,300, and the circumstances led the chancellor to the conviction that it was made for the sum of $7,000, with the fraudulent design charged. Nevertheless, the chancellor decreed that it should stand as a valid security for the sum actually due. If the same conclusion upon the proofs had been reached in this court, we would not have been able to sup-

port this judgment. It is well settled that a deed fraudulent in fact against creditors is absolutely void as to them, and cannot be permitted to withstand them for any purpose. This principle is embodied in the very language of the statute for the prevention of frauds and perjuries; and as early as *Twyne's Case,* *3 Rep. 80,* about thirty years after the statute was passed, it was adjudged that under that law there must be not only a good consideration, but also *bona fides,* to support a conveyance against creditors. So it has been held ever since. *Demarest* v. *Terhune,* *3 C. E. Gr. 532, 540; R. R. Co.* v. *Soutter, 13 Wall. 517.*

But we have been unable to arrive at a similar belief upon the facts. It appears that, before the giving of this mortgage, Wanner was not only indebted to Heintze as before stated, but was also requesting further advances. Heintze, however, knowing that Wanner had met with some pecuniary losses, refused to make any more loans until he was secured, and thereupon Wanner directed this mortgage to be drawn, and delivered it to Heintze. The latter, we believe, accepted it without regard to any other consideration than that it secured him for what was already due, and what he might thereafter choose to loan. Such inadvertence on the part of a man like Heintze, a saloon-keeper, is not improbable, and, while some suspicion hangs around the transaction, there is not furnished that clear proof of participation by him in a fraudulent intent which would require us to strip him of security for his honest debt. We, therefore, approve of the decree of the chancellor, that Heintze is entitled to a lien prior to that of the complainant for the sum owing when the mortgage was made.

But this priority cannot be extended, as Heintze claims it should be, to the advances subsequently made, for the reason that he had not bound himself to make further advances, and, before he actually made any, he had notice, by certain proceedings, to collect the surplus on the Hirsche sale, of both the Cushing and the Bentley judgments. The rule in such cases is, that if a first mortgagee have knowledge of the existence of a second encumbrance upon the estate, he cannot make further loans upon his mortgage to the disadvantage of the second encum-

brance, when it is entirely optional with him whether to make further advances or not. *Hopkinson* v. *Rolt, 9 H. L. Cas. 514; Ward* v. *Cooke,* 2 *C. E. Gr. 93.*

We come next to the sheriff's sale. This, also, we think, was free from actual fraud. The execution under which it was made was confessedly untainted, and was a first lien, except taxes, upon the premises. Wanner had obtained all the adjournments possible, in the hope of averting a sale, or saving his property from what he feared would be a sacrifice, but was still helpless. Heintze not only held the mortgage, but was tenant of the premises under Wanner, and had a lucrative business established in them. He had not heard of the contemplated sale until a week before it took place, when the sheriff informed him of it. On the day of sale, he attended for the purpose of buying the property solely in his own interest, but just before the sale began he was induced by Wanner and his counsel to agree that if he became the purchaser, Wanner's wife might redeem the property on paying what was due him. Such a transaction was not fraudulent against creditors. At most, it transmuted the sale into a mortgage, and the right of redemption which Wanner secured, nominally to his wife, substantially to himself, his creditors might, on equitable terms, appropriate to themselves. To this the complainant is entitled, under the chancellor's decree.

There is also another element in this affair which renders it inequitable to regard the sale as conclusive against the complainant. The property was worth from $6,000 to $7,000, subject to indefinite deduction, because of a defect in the title, which has since been cured by decree in chancery. The actual encumbrances prior to that of the complainant were:

| | |
|---|---:|
| Taxes | $619 49 |
| Hirsche judgment | 316 29 |
| Heintze mortgage | 1,252 31 |
| Cushing judgment | 448 51 |
| Total | $2,636 60 |

It satisfactorily appears that the attorney of the complainant

would have bid for the property much more than this amount, so as to secure a considerable sum to be applied on his judgment, had he known that the encumbrances were so small; but believing that the Heintze mortgage was, as it appeared, for $7,000, he refrained from bidding, because he thought no reasonable price could produce anything toward the payment of his debt. Thus was the complainant deceived, to his injury. If Heintze were entirely free from blame with-reference to the apparent amount of this mortgage, it might not be just for the court to interfere with his purchase, because of the complainant's mistake. Had his mortgage originally secured $7,000, and been reduced by payments to $1,300, or even had it been given upon an agreement to make advances which would reach or approximate $7,000, the record would not have misrepresented the true intentions of the parties, and the complainant might have fairly been required to ascertain by inquiry the real facts co-existent with these intentions. But the proof shows that Heintze never designed to make any loans which would at all justify the giving of a mortgage for so large a sum, and while we acquit him of an actual purpose to hinder Wanner's creditors, it is manifest that his conduct, in taking this mortgage and putting it upon record without any intimation of the truth concerning it, was likely to mislead those creditors, and was not characterized by a due regard for their interests. The complainant had a right to assume that the mortgage was properly given, and neither Wanner nor Heintze can complain that he did not make inquiries which might have led to a disclosure of their own culpability. He did so assume, and, in consequence, has lost the advantages which he might have gathered from a perfectly fair sale of these premises, and Wanner and Heintze are claiming the benefits of an unfair sale, induced by their own wrong. This is contrary to equity, and the sale should be set aside.

It is urged, on behalf of Heintze, that he was not the buyer at the sheriff's sale; that the property was struck off to Hirsche, and that Heintze took by assignment from him, and that, since he was not at all to blame, his title was unimpeachable, and that title was transmitted to Heintze. But it is quite clear, from all

the circumstances, that Heintze would not have allowed the property to be sold to Hirsche at the price bid, unless there had been an understanding that Hirsche should buy it for Heintze. The bid must, therefore, be regarded as Heintze's, and subject to all the equities existing against him.

Subsequently, in pursuance of the agreement for redemption before spoken of, Heintze conveyed to Mrs. Wanner, and received from her a bond and mortgage for $4,000, which represented what Wanner then owed Heintze. This transfer cannot stand as any hindrance to the relief which the complainant seeks. Mrs. Wanner has not parted with anything of value which the decree of the court will not wholly restore to her. When her deed falls, the bond and mortgage given therefor will go with it.

It appears that since the sheriff's sale, Heintze has remained in possession of the premises, occupying the same relation as before the sale, regarding himself, not as owner or mortgagee in possession, but as tenant of Wanner, and paying him rent under the pre-existing lease. During this period, he has paid taxes, and made some necessary repairs, and for the expenditures so incurred, he claims allowance, in case his title be disturbed. The chancellor has allowed his claim for taxes, and justly, since, as tenant, he was under no primary obligation to pay them, but appears to have discharged them upon an understanding with Wanner, the owner, and for his accommodation. They constituted the first lien upon the premises, and Heintze is equitably entitled to a similar lien for his re-imbursement. But as to the repairs, the matter stands upon a different footing. It does not appear that, in the lease under which Heintze paid rent, there was any covenant binding the landlord to make repairs. And it is well settled that no such obligation is implied by law. *Leavitt* v. *Fletcher, 10 Allen 119.* And that in the absence of a special agreement to the contrary, the tenant makes repairs at his own expense. *4 Kent \*110; Mumford* v. *Brown, 6 Cowen 475.* And that if he permit the demised premises to go to waste for want of necessary repair, he becomes answerable in damages to the landlord. *Moore ads. Townshend, 4 Vr. 284.* Heintze having chosen throughout to consider himself in pos-

Haydock *v.* Haydock.

session as tenant merely, must be content to bear the burdens of tenants, and, as the evidence discloses no agreement to relieve him from the operation of the rules just mentioned, he has established no right to repayment of the moneys expended in this behalf.

The decree below should be affirmed.

Both parties having appealed, no costs in this court will be awarded to either.

*Decree unanimously affirmed.*